IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:99-CV-0680-D |
| VS. | § | |
| | § | |
| ECFMG, et al., | § | |
| | § | |
| Defendants. | § | |

Scheduling Proposal Due Date:     November 29, 1999

## ORDER

Pursuant to Fed. R. Civ. P. 16(b) and 26(f) and the court's Civil Justice Expense and Delay Reduction Plan (the "Plan"), the court enters this order to promote early settlement of this action and to facilitate entry of the scheduling order required by Rule 16(b). Unless a scheduling conference is set by the court or requested by a party, the court will enter a scheduling order after reviewing the proposal required by this order.

### I. APPLICATION OF RULES/
### RULE 26(a)(1) DISCLOSURES NOT REQUIRED

The Federal Rules of Civil Procedure in effect on the date of this order, and the local civil rules of this court (as amended through September 1, 1999), shall apply to this case. The court follows without modification LR 26.1. Accordingly, unless the parties to this action otherwise stipulate, the parties need not comply with the initial disclosure requirements of Rule 26(a)(1).

### II. REQUIREMENTS IF RULE 26(f) CONFERENCE
### ALREADY CONDUCTED

If the parties have already conducted a Rule 26(f) scheduling conference that fully complies with the one required by this order, they need not convene an additional conference. If the parties have already submitted to the court a Rule 26(f) written report that outlines their proposed discovery plan, they must also submit the joint proposal required by this order. The parties may, however, adopt portions of their written report by reference if they attach a photocopy of the report to the proposal required by this order.

24

### III. FACE-TO-FACE MEETING REQUIRED; MEETING REQUIREMENTS

Lead counsel for each party (or a designee attorney with appropriate authority) must meet face-to-face at a mutually agreeable location, and within the time required by Rule 26(f) (using the scheduling proposal due date set forth above as the date the "scheduling order is due under Rule 16(b)"). It is unacceptable to submit a proposal in which counsel recite that they were unable to meet in the manner so required. They must obtain advance approval (sparingly given) to eliminate this requirement, which is imposed by Rule 26(f) itself. The requirement of a face-to-face meeting does not apply if a prisoner litigant is proceeding *pro se* in this case.

At the meeting, counsel must confer regarding the matters specified in Rule 26(f) and by this order. If the case does not settle, counsel must file a proposal that contains the matters prescribed by § IV of this order. They must include in the proposal—under a separate heading—a status report that sets out the progress made toward settlement and the present status of settlement negotiations. (In a nonjury case, the parties must not disclose settlement figures.) It is unacceptable to include a rote recitation that settlement was discussed but was unsuccessful.

The parties must also advise the court regarding the advisability of referring the case for alternative dispute resolution (*see* Plan § III), or of conducting a court-supervised settlement conference, at an early stage of the litigation.

### IV. CONTENT OF PROPOSAL

If the case does not settle, the parties must submit a joint proposal that contains the proposals and views required by this section. If counsel cannot agree on a particular proposal, they must set forth each party's respective recommendation and must state why agreement could not be reached. The proposal should not be prepared in the form of a proposed order. The court enters its own order.

1. The proposal must contain—under a separate heading—the respective positions of the parties concerning referring the case to a magistrate judge for jury or nonjury trial by consent, pursuant to 28 U.S.C. § 636(c). *See infra* § VI.

2. The parties must propose deadlines that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2).

3. The proposal must also indicate the parties' views and proposals concerning (a) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a) or the local civil rules, (b) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues; (c) what changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local civil rule, and what other limitations should be

imposed; and (d) any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

    4.    The proposal may also include (a) proposed modifications of the times for disclosures under Rule 26(a) and (e)(1) and of the extent of discovery to be permitted; (b) a proposed date or dates for conferences before trial, for a final pretrial conference, and for trial; and (c) any other matters appropriate to the circumstances of the case.

## V. JOINT RESPONSIBILITY FOR PROPOSAL

Pursuant to Rule 26(f), the attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging and being present or represented at the meeting, for attempting in good faith to agree on the scheduling proposal, and for submitting the proposal to the court no later than the due date set forth above.

## VI. REASSIGNMENT TO MAGISTRATE JUDGE

Federal law provides that, with the consent of all parties, the court can reassign this case to the magistrate judge for further proceedings and trial. In this court, the assignment is made to the magistrate judge randomly assigned to the case at the time it was docketed. This procedure does not adversely affect the right of jury trial or of appeal directly to the circuit court. It also improves the parties' chances for a more certain trial date and generally reduces litigation expenses. A party is free to withhold consent without adverse substantive consequences. If the parties wish to exercise this option, but lack the necessary forms, they should contact the clerk's office for information.

## VII. REQUESTS FOR EXTENSION DISFAVORED/ FAILURE TO FILE PROPOSAL

Because the court is to enter a scheduling order "as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant," *see* Rule 16(b), the court will view unfavorably any request for an extension of time to file the proposal and will deny any such request absent a showing of good cause.

If a party fails to file a timely proposal, the court will enter a scheduling order without soliciting further the views of the party.

**SO ORDERED.**

October 26, 1999.

                                               */s/ Sidney A. Fitzwater*
                                           SIDNEY A. FITZWATER
                                           UNITED STATES DISTRICT JUDGE