U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

FEB - 8 2000

NANCY DOHERTY, CLERK
By_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil No. 3:99-CV-0680-BC |
| | § | |
| ECFMG, et al., | § | |
| | § | |
| Defendants. | § | |

ENTERED ON DOCKET

2-9-00

U.S. DISTRICT CLERK'S OFFICE

### ORDER REQUIRING ATTORNEY CONFERENCE AND PROPOSAL FOR CONTENTS OF SCHEDULING ORDER

The parties to this suit have consented to trial before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). Accordingly, this case has been transferred to the docket of this Court. As a consequence of consenting to jurisdiction before this Court, the parties will be permitted to propose a scheduling order to govern the remaining proceedings.[1] All pleadings filed in this case shall, hereafter, have the "BC" designation in the civil action number.

In accordance with Fed. R. Civ. P. 16(b) and 26(f), the parties are to meet face-to-face[2] and confer for the purpose of submitting a Joint Proposed Scheduling Order. This proposal is **due**

---

[1] Depending on the stage of the case at the time of consent, the Court may or may not permit additional time for discovery, filing motions for summary judgment, motions to amend pleadings, etc.. The Court will consider the parties' respective positions on scheduling and adopt a final scheduling order which strikes a balance between the parties' scheduling requests, the age of the case and the nature of the proceedings prior to consent.

[2] If the parties have previously met face-to-face, they may confer telephonically. Additionally, if the parties have **recently filed a joint status report** with the District Court which addresses the issue set forth above, they may simply file a joint statement with the court adopting the positions set forth in the previously filed status report. If the parties cannot agree to adopt the previously filed status report they must comply, in full, with this order.

**within 14 days of the date of this order.** It shall include the following:

(1) A proposed deadline to file motions for leave to join other parties and to amend the pleadings;

(2) A proposed deadline to file all motions for summary judgment and motions to dismiss;

(3) A proposed scheduling for discovery, including a deadline to complete discovery;

(4) A proposed deadline to designate expert witnesses;

(5) A proposed deadline to comply with Rule 26(a)(3);

(6) A proposed deadline for mediation or settlement discussions along with the parties' positions on the usefulness of mediation in this case.

(7) Proposed trial dates, estimated number of days for trial and whether a jury has been demanded. It should be noted when proposing trial dates that the trial will be **specially set** and **not reset**; and

(8) Any other proposals or issues relevant to the disposition of this case.

If counsel cannot agree on a particular recommendation, the proposal shall include each party's respective recommendation and shall state why agreement could not be reached. If the parties have a question or concern about the proposal, they may contact the Court to request a conference, either in person or telephonically, so that it may be resolved.

Plaintiff's counsel is responsible for initiating contact with opposing counsel for the purpose of preparing the proposal. But all counsel are responsible for ensuring that this order is complied with in a timely manner. Failure to timely submit the proposal may result in the imposition of sanctions. *See* Rule 16(f), Fed. R. Civ. P.

Unless a scheduling conference is set by the Court or requested by a party, the Scheduling Order will be issued following the Court's review of the proposal.

SO ORDERED, February 4, 2000.

```
_____
JANE J. BOYLE
UNITED STATES MAGISTRATE JUDGE
```