U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 24 2000
NANCY DOHERTY, CLERK
By_____ Deputy

ENTERED ON DOCKET
FEB 24 ⬛
U.S. DISTRICT CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMAL ELHAJ-CHEHADE, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil No. 3:99-CV-0680-BC |
| § | |
| ECFMG, et al., § | |
| § | |
| Defendants. § | |

## SCHEDULING ORDER

Pursuant to Rule 16(b), Fed. R. Civ. P. the Court establishes the following schedule for this case. The Federal Rules of Civil Procedure, as amended effective December 1, 1993, apply to this case.[1] All pleadings filed in this case shall have the "BC" designation in the civil action number.

1. This case is set for __bench__ trial __1/15/01[2]__. This is a special setting and will not be reset.

2. No later than __3/31/00__, all joinder of parties and amendments to pleadings must be filed.

3. No later than __9/30/00__, all motions for summary judgment and motions to dismiss shall be filed.

4. No later than __8/15/00__, all discovery shall be completed.

### SPECIAL INSTRUCTIONS FOR DISCOVERY DISPUTES

---

[1] This does not include 26(a)(1) disclosures or 26(f) conferences.

[2] If either party has a conflict with this date, they must contact the Court immediately upon receipt of this Order.

36

In the event of a discovery dispute, the parties must comply with the following instructions prior to formal court intervention:

(1) The parties must first engage in a full *item-by-item* discussion of the issues in dispute. (A face-to-face meeting is preferable.) Any party refusing or failing to engage in these discussions will be subject to sanctions;

(2) If the parties are unable to resolve the dispute informally through their discussions, the party seeking relief is to contact the court to schedule an informal telephonic discussion of the dispute. No motions are to be filed with the court prior to this informal telephone conference;

(3) If the dispute is not resolved through the telephonic conference with the court, a motion may be filed and a formal hearing scheduled. However, no hearing will be scheduled nor will any motion practice be permitted until the court is satisfied that the parties have engaged in a thorough item-by-item discussion of the issues in dispute.

5. No later than __10/15/00__, the parties are to engage in mediation.[3] A party with full settlement authority must be present throughout the discussions. The parties are to notify the Court as to the results of the mediation seven (7) days thereafter.

6. Plaintiff's and Defendant's expert designations shall be completed and reports exchanged no later than __10/2/00__.

---

[3] If the parties participate in mediation they may choose their mediator. The mediator's name must be provided to the court prior to the mediation so that an order may be entered accordingly. If the parties cannot agree on a mediator, they must notify the court and the court will choose one.

7. No later than __11/30/00__, the parties shall comply with Rule 26(a)(3) of the Federal Rules of Civil Procedure regarding pretrial disclosures. The list of witness names shall divide the persons into groups of "probable witnesses," "possible witnesses," "experts," and "record custodians" and shall include a general description of the nature of the testimony to be covered by each witness. This list shall include those witnesses who will appear by a deposition and a corresponding designation of the deposition excerpts that will be offered. The list of exhibits shall separately identify each document or exhibit that the party expects to offer and those that the party may offer if the need arises.

In addition to providing the disclosures required by Rule 26(a), (3)(A), (B), and (C), the parties shall, within fourteen (14) days after making their pretrial disclosures, file with the Court: (i) any objections under Rule 32(a) to the use of a deposition designated by any other party under Rule 26(a)(3)(B),[4] and (ii) any objection, together with the grounds therefore, that may be made to the admissibility of materials identified under Rule 26(a)(3)(C) or to witnesses under Rule 26(a)(2)(A) and 26(a)(3)(A). **Objections not so disclosed shall be deemed waived.**

8. By __12/20/00__, the following pretrial materials shall be filed:

(a) A joint pretrial order shall be filed by the plaintiff's attorney that covers each of the matters listed in Local Rule 16.4. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall file a separate pretrial order with an explanation of why the joint order was not submitted. (*See* FED. R. CIV. P. 16(f)). When the joint pretrial order is approved by the court, it will control all subsequent proceedings in the case.

---

[4]The challenged deposition excerpts and exhibits, if any, must be attached to the objections filed with the Court.

3

(b) The requested jury instructions (annotated)[5] or, in a non-jury case, the proposed findings of fact and conclusions of law shall be filed by each party. In addition, the parties' requested jury instructions shall be submitted to the court on a computer disk  The parties must also submit proposed voir dire questions by this time. The parties will be permitted to address the jury for a limited time during the voir dire portion of the trial.

9. At least three days before the scheduled date for trial, each party shall number their listed exhibits with gummed labels (obtained from the District Clerk's Office); shall exchange a complete set of marked exhibits; and, **on the same day of trial**, shall furnish to the Court a copy of marked exhibits.

10. A final pretrial conference is set for __1/12/01 at 10:00 a.m. **In the Magistrate's courtroom located on the 15th floor at 15C40**__. Each party shall be represented by at least one attorney who will conduct the trial and who has the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expenses of trial. **FED. R. CIV. P. 16(d)**. Counsel should be prepared to submit to the Court a list of pre-admitted exhibits[6], including stipulations. Counsel should also be prepared to discuss and to

---

[5] "Annotated" means that each proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority (and/or pattern instructions). It is not sufficient to submit a proposed instruction or conclusion of law without citation to supporting authority. Because Fifth Circuit and Supreme Court cases are the only precedent binding on this Court, the parties should -- to the extent possible -- rely on these sources (and/or Fifth Circuit pattern instructions in proposing jury instructions).

[6] The court expects the parties to confer and agree to admit the majority of their exhibits prior to trial. A list of plaintiff's and defendant's exhibits to which no objection will be lodged (preadmitted) must be submitted at the pretrial conference. This does not change the manner in which each side should mark its exhibits. For example, plaintiff's exhibits may

present authority in support of their objections to exhibits or other evidence. Counsel should make every effort to resolve these evidentiary disputes before the pretrial conference.

**NOTE:** Deadlines in the Order are dates for the *filing* of pretrial material, **NOT** *mailing* dates. An agreed extension of a deadline in this Order does **NOT** change any other deadline.

11. **SANCTIONS WILL BE IMPOSED IF THESE REQUIREMENTS ARE NOT MET:** If the *plaintiff* does not timely file the required (or other) pretrial material, the case will be dismissed. If the *defendant* does not timely file the required (or other) pretrial material, a default will be entered or the defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Fed. R. Civ. P. 16(f). **Failure to list a witness, exhibit, or deposition excerpt** shall be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; and the use of unlisted witnesses, exhibits, or depositions excerpts for rebuttal shall be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

Signed this \_\_\_\_24th\_\_\_\_ day of \_\_\_\_Feb.\_\_\_\_, 2000.

JANE J. BOYLE
UNITED STATES MAGISTRATE JUDGE

---

number 1-100, and 1-50 and 75-100, may be unobjected to or preadmitted.

5