# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 4 2002

CLERK, U.S. DISTRICT COURT

## ORDER STRIKING/UNFILING PLEADING

The Clerk, having identified a defect in the form of the document indicated below, and the Court, having independently determined that the document should be stricken, it is ordered that the document be stricken from the record of this case. The Clerk is hereby directed to unfile and return this document to the party who filed it.

_3-14-02_
DATE

_Jane J. Boyle_
JUDICIAL OFFICER

---

## NOTICE OF DEFICIENCY

Judge: **Boyle**          Date: **3.11.02**

Case Number: **3:99-CV-680-BC**   Plaintiff: **Elhaj-Chenade**

Deputy Clerk: _____   Telephone Number: **214.753.2250**

* * * * * * * * * * * * * *

A(n) **Mot. to Leave to Appeal before a USDC judge and/or new proceeding**

has been filed by **Plaintiff** _____ and is considered deficient in the areas(s) noted below:

_____  1.  A civil cover sheet must be filed with the complaint.  See LR 3.1(c).

_____  2.  The document(s) must be in proper form.  See LR 10.1.

_____  3.  The signature of the attorney of record or the party proceeding *pro se* is required on each document filed. See F.R.C.P. 11.

_____  4.  A completed certificate of service as defined in F.R.C.P. 5(d) is required.

_____  5.  Each separate document contained therein must be identified.  See LR 5.1(c).

_____  6.  The motion must include:

          a.  _____  certificate of conference or inability to confer.  See LR 7.1(b).

          b.  _____  brief in support of motion.  See LR 7.1(d) or LR 56.5(a).

          c.  _____  proposed order.  See LR 7.1(c).

          d.  _____  documentary or non-documentary evidence in a separate appendix.  See LR 7.1(i) or LR 56.6(a).

_____  7.  A motion for leave to amend must be accompanied by a copy of the proposed amended pleading attached as an exhibit and an original and second copy of the proposed pleading that is neither attached to the motion nor made an exhibit to the motion. See LR 15.1.

_____  8.  A motion for continuance of a trial setting must be signed by the party as well as by the attorney of record.  See LR 40.1.

_____  9.  An attorney seeking *pro hac vice* admission must apply for admission on an approved form and pay a $25.00 fee.  See LR 83.9(b).

_____  10. Additional copies are required.  See LR 5.1(b).

_____  11. The attorney filing the pleading is not admitted to practice in this district.  See LR 83.7.

__✓__   12. Other _**Case Closed**_

109

In the United States District Court for the Northern District of Texas
Dallas Division

Jamal Elhaj-Chehade
    Co- plaintiff
Vs.                                                      3:99-CV-0680-D/BC
Educational Commission for Foreign Medical Graduates
Et al   entities and individuals) Defendants

### Plaintiff 's motion to leave to appeal before a USDC judge and/or new proceeding

March 11, 2002

Comes now on this date, this notice should serve as a notice of intent and appeal to a USDC district judge for the Magistrate order  rendered by the court and the plaintiff offers the following:

1- The magistrate judge opinion are not final and void of any validity absent the adherence of the US Constitution and being under the influence of Exparte Communication( or the alternatives). The plaintiff asserts the **Supremacy of the** Supreme laws of the land and **the treaties/ compacts**.

2- The opinion of the Magistrate was premature, and done before the scheduled meeting in which the parties meet in the Magistrate judge Boyle office.

3- The judge admitted that her opinion is based on **assumption**s that the plaintiff cannot prove that the defendants owe the plaintiff a duty. The use of such assumptions is not a proper due process and it is prejudicial.

4- The plaintiff consent before Magistrate judge was under intimidation, **coercion, duress** or the alternatives/and false pretenses or misrepresentation or assurances, and /or provided that a final order be done solely by jury. **Therefore the plaintiff consent was invalid and so are the consequent orders and mandates**. the process was extremely jeopardized. The plaintiff is moving this case for mal-proceeding / mistrial and a new hearing to begin. And to subject the plaintiff to forceful consent along with subsequent Magistrate orders( July 6, 2000) are indicative of common interests between the defendants and the MG judge. The plaintiff is demanding no hearing be done without the parties presence. And this case must undergo hearing and process de novo.

5- Magistrate judge opinions are never final and the defendants admitted to every element of every claim brought against them, new evidence that prove that the defendants owe life term duties toward the plaintiff in which the defendants are required to assure the plaintiff excellence through and by assessing his cultural and educational needs and creating opportunities and policies that meet those needs. Simply the defendants failed to do so and the plaintiff is capable to prove his case.

6- There are additional developments in the matter that require rehearing( reopen, and /or appeal)

Wherefore premises considered, the plaintiff prays that this court start acting like one and allow for rehearing either through review/appeal before a USDC or by reopening this case altogether for a new hearing and process.

108