

Case 3:99-cv-00680 Document 114 Filed 06/03/02 Page 1 of 7 PageID 102

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 3 2002
CLERK, U.S. DISTRICT COURT
By _____ Deputy



# In the United States District Court for the Northern District of Texas
## Dallas Division

Jamal Elhaj-Chehade
    Co- plaintiff
Vs.                                      3:99-CV-0680 D/BC
Educational Commission for Foreign Medical Graduates
Et al    entities and individuals) Defendants

1- Plaintiff's motion to leave to proceed in forma pauperis ( to be ruled upon by a USDC)
2- Plaintiff's response to the USDC order dated May 30, 2002 with the plaintiff's notice of appeal

### June 3, 2002

  Comes now on this date the plaintiff's is filing his response to judge Fitzwater order dated May 30, 2002 and with a notice of appeal as follow:

### Introduction and history

  The plaintiff brought this limited cause of action for incidents that occurred before July 1997 involving the validation sticker of the plaintiff's Certificate(ECFMG) and because the defendants ECFMG told UTSW/Parkland Hospital to deny the plaintiff a job for July 1997. the Evidence were not introduced because the USDC court refused to include the ECFMG as a Co-defendants in the case 3:98-CV-1622-P against UTSW( who falsely claimed immunity that the plaintiff stated that it does never reach( argument omitted). The conduct of the court is self explanatory when the court refused the plaintiff attempts to consolidate this proceeding with that against UTSW. But the court again proved to be under the influence. The court delayed the proceeding in this case for nine months and proceedings did not occur until the plaintiff CONSENTED to proceed before an MG Judge Jane Boyle by **FORCE, COERCION, INTIMIDATION, ANF THE THREAT of** Retaliation. However the defendants retaliated anyway against the plaintiff( see the case 3: 01-CV-1301-L).

The subjection of the plaintiff forceful consent was motivated by special interests between the defendants and the court( see explanation later). Jane Boyle rendered its opinion on January 4, 2001 after charade proceedings and cover ups in which pinpoints to the presence of EX-parte Communication between the defendants and the court( Jane Boyle order dated July 6, 2000 denying the plaintiff to conduct his deposition of Dr Gary claiming that Dr Gary is a CEO and she is entitled to an extraprotection of the laws. An order bought by the defendants). The plaintiff filed a motion of postjudgment hearing ( because he was expecting new evidence that the defendants concealed( footnote [1]).the

---

[1] – the defendants **concealed** the evidence. The concealment of evidence is also **in violation** for their 501-C-3 status ( see the case 3:01-CV-1301-L). also the plaintiff had to **create** new evidence and alternatives by attending an **undergraduate college** and accomplishing a minimum of 60-75 credit hours. The defendants delayed their income tax filing( deliberately to hide their violations) and the plaintiff had to

plaintiff also filed a notice of appeal with the USCA-5 N0# 01-10147. demanding to proceed in forma pauperis IFP. The plaintiff filed later his broad and extensive action case # 3:01-CV-1301-L that include ONGOING violations( continuous breech of contract, unjust enrichment, deceptive practice, fraud, theft/ embezzlement, price fixing and many other including the 501-C-3 code and taxes. And retaliation etc…. the plaintiff found that the evidence and justice in 3:99-CV-680-D/BC can be better understood and served by the court if the case 3:01-CV-1301-L is heard and decided first. The plaintiff demanded a stay on appeal until the case 3:01-CV-1301-L is decided first because of it is broader and ongoing violations and because the plaintiff was building his evidences by attending college and he intended to use the proceeding in the 3:99-CV-680-D as evidence against the defendants in the new case( in that the ECFMG does have a duty to identify and meet his needs and maximize his benefits). The court of appeal **denied the plaintiff motion to proceed IFP assuming** it is a frivolous and without merit without any hearing or proper argument and without any brief been filed. Leaving the matter for the USDC to decide it. Since the case 3-01-CV-1301-L is broader and more extensive and include ONGOING VIOLATIONS it was reasonable for the plaintiff to request consolidation and that this small case be merged/transfer with the ongoing bigger one for final decision and in order to better serve the justice in most economical and efficient manner.

## Facts

**On May 29, 2002**, The plaintiff filed his motion for summary judgment in the case 3:01-CV-1301-L demanding a preliminary **urgent Injunction** from the continuous violations of the defendants. The plaintiff presented evidences that the defendants admitted to the US Government to owe the plaintiff a life term duty and obligation( in exchange for their status as tax exempt) to serve his best interest, and promote his excellence and advancement and expand his opportunities and give him useful informations and most important to **maximize his benefits and identify his NEEDS and MEET them**. The plaintiff demanded an injunction, and demanded that the defendants must identify his current NEEDS and meet them as fast as possible and in their order of priority/urgency. The plaintiff demanded that his legal NEEDS take priority and precedence over any NEEDS. But the defendants refused so far and the plaintiff suffered further adverse outcome. And the defendants have shown their readiness and willingness to take advantage of the plaintiff and refuse to identify his NEEDS and meet them and refuse to give the plaintiff the appropriate information. The plaintiff request for injunction serve to prove to the court that the defendants are violating the plaintiff rights for which he is entitled for relief and for which the defendants are liable for any adverse outcome created to the plaintiff.

The plaintiff is reaffirming his request asking the defendants to identify and meet his NEEDS and maximize his benefits NOW. The court must realize that the matter is self explanatory.

## Arguments

---

acquire it from the US government which has caused delays in not presenting some argument before a magistrate judge. The defendants also did not provide the plaintiff and other persons with request about status report and relevant matters about their activities( violations of 501-C-3).

2

1-The plaintiff asserts that he did not consent to proceed before Magistrate Judge Boyle, and his consent is worthless been done under the influence and duress and coercion and intimidation and the threat of retaliation. Therefore the plaintiff consent is not valid. Magistrate judge Boyle lack the jurisdiction and the judicial power to entertain and decide cases without the full and unrestricted consent of the parties( 100%). therefore this matter constitutes an exception to the rule of direct appeal Fed R.Civ.P.60(b) and 60(b)(3).

2- Since the matter is also judicial jurisdictional power or consent. The plaintiff consent can **be raised at any time and even after a judgment is rendered**, *Huecker v Milburn* 538 F 2d 1241 ( USCA-6 Ky 1976) and *Shimman v International Union of operating Engineers,* Local 18 744 F2d 1226 ( USCA-6 Ohio 1984) cert den 469 US 1215 ( 1985).

3- On April 11, 2002, at 1:03 PM the defendants attorney Barry Moscowicz admitted **Arrogantly** to the long existing EXPARTE Communication between this court and his client. Such EXPARTE communication clearly explains the conduct of the court( where the laws and US Constitution are not worth the ink), and clearly establishes the defendants eagerness to force the plaintiff to consent before a Magistrate judge whom they know after repetitive and questionable changes of judges and deliberate delay in the processing for nine months. Furthermore, the plaintiff submitted detailed and lengthy evidence (to the court in his motion for summary judgment in the case 3:01-CV-1301-L) of the missing hundreds **of millions of dollars that finance the defendants underground and illegal and fraudulent operations. Furthermore,** On September 4, 2001 and by court order, the plaintiff met the defendants attorney Barry Moscowics at Dallas County Courthouse in George Allen BLDG at 600 Commerce street. Where the plaintiff, expressing his resentment of the court conduct, told the defendants attorney of his intention to transfer the cases as consolidated to another court and possibly to another geographical location, but the defendants attorney never mention it in his status report as he was supposed to, and suddenly the court and the defendants become so attached to have the cases split because everybody wants something of the spoil. Therefore the plaintiff holds the judges and the defendants attorneys directly and personally responsible if the plaintiff's NEEDS are not met and the plaintiff Maximum benefits are achieved( duty owed to the plaintiff by the defendants) , the matter is reaching a boiling point of no return and the plaintiff will never allow anybody, specially judges and attorneys, to achieve enjoyment and prosperity at the expenses of the plaintiff's NEEDS : : one who has a glass window should not throw stones.

4- the USDC order based on Magistrate judge and this new order dated May 30, 2002 **are null and void on many grounds including matters of consent, exparte communications, fraud and other violations and the order dated May 30, 2002 lack the validity the plaintiff having requested the removal of the judges.**

5- **the fact that the defendants failed to identify the plaintiffs needs during this litigation since 1999, provides evidence against the defendants for the allegations raised against them in the case 3:01-CV-1301-L.**

5- the USCA-5 order denying the plaintiff to appeal in forma pauperis in the case 01-10147, leave room for alternatives:
- i- the court can start a proceeding de novo and/or
- ii- 2- the court left to be decided at the USDC level and by a USDC judge and/or
- iii- the appeal be done before a USDC judge and/or
- iv- **having the plaintiff be allowed to appeal/proceed in forma pauperis where the plaintiff can prove that his claims do have a merit and that his lawsuit is not frivolous.**
- v- **Since USDC are those that grant to appeal IFP, the plaintiff is asking the USDC to entertain such motion and see the merit of his claims before they are sent for appeal. As the plaintiff asserts that his claims do have merit.**

6- even if no appeal is done, the defendants are responsible for any adverse outcome in this litigation. The defendants must maximize the plaintiff/s benefits and identify and meet his needs and regardless of past history..

7- the defendants are liable for any adverse outcome to the plaintiff even through court orders, the plaintiff does have needs and the defendants are supposed to identify the plaintiff's needs and meet them before those court orders.

8- the plaintiff is a pro-se and he has needs, IT is the defendants duty to identify those needs and meet them, any court order rendered against the plaintiff constitute an evidence against the defendants for failure to identify the plaintiff's NEEDS and meet them.

9- because the defendants brag about their violations of the laws they are responsible for all the undue burden and damages that occurred during and after their violations.

    10- The court order dated May 30,2002 signed by judge Fitzwater clearly pinpoints to the presence of unidentifiable plaintiff's NEEDS. The plaintiff is therefore asking the defendants to identify and meet those NEEDS. Failure on the part of the defendants or delay in doing so, results in that the defendants are liable for any damages that occurs to the plaintiff and that the defendants to reverse the plaintiff damages wherever they may exist( Plaintiff's needs need to be met by the defendants and maximizing his benefits) *this should serve as an another official request to have the defendants ECFMG identify the plaintiff's needs and meet them( the defendants should accept this request in the interim pending further actions or notice and regardless of whether this filing was accepted to the court or not)*

    **Demand**
**The plaintiff is asking the USDC court to conduct a hearing to see whether his claims do have a merit as to grant him or not to proceed /appeal, in Forma pauperis.**

4

**Certificate of service and conference**: this is to certify that a true copy of the foregoing has been sent to the defendants attorney Mark Robert Monday June 3, 2002 , the defendants attorney MRS Susan Schwartz/ Mark Roberts at their address of record via USPS regular prepaid mail on June 3, 2002 to the address 6688 N Central Expressway# 850, Dallas, Texas 75206-3913. the plaintiff also sent a copy of this filing via email to the defendants attorney on the same day.

Respectfully submitted
Dr Jamal Elhaj_chehade, pro-se( tentatively), plaintiff
5414 Cedar Springs # 806
Dallas Texas 75235
e-mail heyjam7@yahoo.com

attached is a copy of the order appealed

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAL ELHAJ-CHEHADE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:99-CV-0680-BC |
| VS. | § | |
| | § | |
| THE EDUCATIONAL COMMISSION | § | |
| FOR FOREIGN MEDICAL GRADUATES, | § | |
| a/k/a ECFMG or ECFMG/USMLE | § | |
| (entities or individuals), | § | |
| | § | |
| Defendants. | § | |

### ORDER

In this action that Judge Boyle decided as a consent case, plaintiff Jamal Elhaj-Chehade ("Elhaj-Chehade") has filed still another post-judgment motion, which has been directed to the undersigned for decision. The court dismisses Elhaj-Chehade's April 23, 2002 notice of appeal before a district judge, denies his motion to transfer and consolidate, and denies his motion to leave for relief from final order/judgment and motion to reopen this case.

Elhaj-Chehade filed this suit on March 29, 1999. Following preliminary proceedings, the parties consented on February 3, 2000 to proceed before Judge Boyle, and the case was reassigned to her. Following pretrial proceedings, Judge Boyle granted defendant's motion for summary judgment on January 4, 2001. On January 10, 2001 she filed a final judgment, from which Elhaj-Chehade took an appeal to the Fifth Circuit. On December 12, 2001 the Fifth Circuit dismissed the appeal as frivolous. *See Elhaj-Chehade v. Educ. Comm'n for Foreign Med. Graduates*, No. 01-10147 (5th Cir. Dec. 12, 2001) (per curiam). Since that time, Elhaj-Chehade has filed several motions, which Judge Boyle either has ordered unfiled because this case is closed or has denied. The

instant motions are similar, at least titularly, to ones he filed on March 14, 2002 and April 2, 2002.

The court dismisses Elhaj-Chehade's notice of appeal because it is not clear what decision he is appealing and, therefore, that the appeal must be to the district court rather than to the Fifth Circuit. The court denies his motion to transfer because there is no reason to transfer a closed case, from which an appeal has been taken and dismissed as frivolous, and consolidate it with a pending case. The court denies Elhaj-Chehade's motion to leave for relief from final order/judgment and motion to reopen this case because most of the grounds on which he relies appear to be nothing more than reiterations of arguments he has already urged unsuccessfully or complaints about the fairness of the prior proceedings in this case that he could have raised by direct appeal. Fed. R. Civ. P. 60(b) and 60(b)(3) cannot be used for these purposes or as a substitute for an appeal. To the extent he posits new contentions, they are conclusory and are unsupported by any evidence. And insofar as Elhaj-Chehade asks for a hearing at which to present new evidence, he has not adequately demonstrated why he could not have presented it before Judge Boyle entered summary judgment against him.

Since the Fifth Circuit's decision dismissing his appeal as frivolous, Elhaj-Chehade has filed several motions in this case that have all been ordered unfiled or have been denied. The court admonishes Elhaj-Chehade that if he files an additional baseless motion, the court will preclude him from filing further pleadings in this case without first obtaining leave of court.

**SO ORDERED.**

May 30, 2002.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE